Martez HARRIS *v.* STATE of Arkansas

CR 05-83                                          215 S.W.3d 666

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Martez Harris was charged with aggravated robbery and theft of property as a habitual offender with four or more felony convictions. A jury found him guilty of the charged offenses. During the sentencing phase, the State introduced Exhibits 13 and 14 for the purpose of proving the existence of four prior felony convictions. Exhibit 13 consists of documents compiled by the Arkansas Department of Correction, also known as a "pen pack." Those documents identify Appellant as "Martrez" Harris and "Martez" Harris. Exhibit 14 contains certified copies of Appellant's prior felony convictions and the docket sheets for each conviction. The circuit court concluded as a matter of law that the documents in the "pen pack" were intended to read "Martez" based on information disclosed in the DOC admission summary — Appellant's picture, physical descriptions, and date of birth. Moreover, the State called Detective Lynda Keel to testify that the date of birth on each prior conviction was also Appellant's date of birth. Both exhibits were admitted without objection. When the State rested, Appellant's counsel moved to dismiss "on these priors," arguing that the State had "failed to make a prima facie showing that those are, in fact, convictions[.]" The court denied the motion, concluding that the State had satisfied its burden of proof as to the existence of four prior felony convictions.

On appeal, Appellant contends that pursuant to a recent decision by the United States Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), the circuit court erred when it considered the identifying information contained in the "pen pack" and Detective Keel's testimony as proof of Appellant's prior felony convictions. In summary, Appellant's sole point on appeal is that under *Shepard v. United States, supra,* the Sixth Amendment to the United States Constitution restricted the circuit court's consideration of extrinsic evidence to determine that Appellant had four prior felony convictions.

As a threshold matter, we are precluded from addressing Appellant's argument because it has not been properly preserved for appellate review. Appellant asserts on appeal that he objected to the name on the documents produced by the State because the name on the documents was "Martrez" Harris and not "Martez" Harris. The record, however, does not reflect such an objection. According to the record of proceedings before the circuit court, the State offered two exhibits, Exhibits 13 and 14, which included a "pen pack" and certified copies of prior convictions and docket

sheets. Those exhibits were admitted into evidence without objection. In fact, Appellant repeatedly stated that he had no evidentiary objection to the exhibits. After the exhibits were admitted, Appellant reminded the circuit court that the State had the burden of proving beyond a reasonable doubt that the prior convictions reflected in the exhibits were Appellant's priors. Appellant agreed that the State could "put on whatever evidence they [sic] want."

In addition to the exhibits, the State offered Detective Keel's testimony. Without objection, the detective testified that the photo in the "pen pack" was Appellant, that his birth date matched the birth date on the exhibits, and that she could identify him by his unique tattoos. At the end of this testimony, the circuit court concluded that the exhibits were Appellant's prior convictions. Appellant then moved to dismiss the priors on grounds that the State failed to make a prima facie showing that Appellant was convicted of four or more prior felony convictions while represented by counsel. Thereafter, the circuit judge examined the exhibits to verify the number of offenses and that Appellant had been represented by counsel. Upon finding that the State had met its burden of proof, the circuit court denied Appellant's motion to dismiss.

The record does not reflect that Appellant objected on Sixth Amendment grounds to the circuit court's consideration of extrinsic evidence during the sentencing phase of the trial. To the contrary, Appellant freely encouraged the State to find any way that it could to meet its burden of proof, including the use of extrinsic evidence. It is a well-settled principle of this court that we will not consider arguments made for the first time on appeal. *Brown v. State*, 326 Ark. 56, 931 S.W.2d 80 (1996) (Appellant failed to make an objection during the sentencing phase and thus the issue was not preserved for appeal).

While Appellant recognizes that he failed to explicitly make the Sixth Amendment argument to the circuit court, he nonetheless suggests that "it would have been wholly futile to argue the Sixth Amendment to the trial court, because at the time of the trial *Shepard* had not yet been decided . . . ." Other than the narrowly defined exceptions to our contemporaneous objection rule outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), we do not follow the plain-error doctrine whereby appellate courts address plain errors affecting substantial rights which were not brought to the attention of the trial court. *Horn v. State*,

282 Ark. 75, 665 S.W.2d 880 (1984). Accordingly, because Appellant failed to object on Sixth Amendment grounds to the circuit court's use of extrinsic evidence during sentencing and because the matter clearly does not fall within any of the *Wicks* exceptions, we are precluded from considering this point on appeal.

Affirmed.