2012 Ark. 221

**Chad Lee WHITE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–872.**

Supreme Court of Arkansas.

May 24, 2012.

Paul J. Teufel, Jonesboro, for Appellant.

Dustin McDaniel, Atty. Gen., Kathryn Henry, Asst. Atty. Gen., for Appellee.

JIM GUNTER, Justice.

Appellant was convicted of rape and second-degree battery and now appeals his convictions, arguing that the circuit court erred in (1) ordering him to complete a sex-offender treatment program while incarcerated, and (2) allowing evidence of prior alleged misconduct involving a minor to be introduced during the sentencing phase of the trial. Because this is a criminal appeal in which life imprisonment has been imposed, this court has jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(a)(2). We remand for modification of appellant's sentence on the first point and affirm on the second point.

Because appellant is not challenging the sufficiency of the evidence supporting his convictions, only a brief recitation of the facts is necessary. In a criminal information filed May 10, 2010, appellant with charged, as a habitual offender, with one count of rape and one count of battery in the first degree. It was alleged that appellant had engaged in deviate sexual activity with, and caused serious physical injury to, a two-year-old boy. The battery charge |₂was later reduced to second-degree battery.

A jury trial was held March 15–17, 2011, at which the State presented evidence that appellant had anally penetrated a neighbor's two-year-old son while babysitting him. The jury found appellant guilty of rape and second-degree battery and recommended sentences of life imprisonment and twelve years' imprisonment, respectively. The court imposed the recommended sentences to run concurrently and also ordered appellant to complete a sex-offender treatment program while incarcerated. A judgment and commitment order was entered on March 24, 2011, and appellant filed a notice of appeal on March 25, 2011. Specific facts pertinent to the points on appeal will be discussed below.

■■■ For his first point on appeal, appellant argues that the circuit court had no authority to order him to complete a sex-offender treatment program while in the custody of the Department of Correction. Appellant concedes he made no objection to this part of his sentence below but contends that the sentence is an illegal sentence, which he can raise for the first time on appeal. This court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which we may review whether or not an objection was made to the circuit court. *Richie v. State,* 2009 Ark. 602, 357 S.W.3d 909. A

sentence is void or illegal when the circuit court lacks the authority to impose it. *Id.*

■■■ In Arkansas, sentencing is entirely a matter of statute. *Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007). Arkansas ·Code Annotated section 5–4–104(a) (Supp.2011) states that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." In the present case, appellant argues that he was sentenced according to Ark. |₃Code Ann. § 5–4–401 (Repl.2006) and Ark.Code Ann. § 5–4–501 (Supp.2011), and that neither of these statutes authorizes the court to order a defendant to complete a sex-offender treatment program. Therefore, appellant asserts, that part of his sentence is illegal.

Based on this court's recent decision in *Richie, supra,* appellant is correct that the circuit court erred in ordering him to complete a sex-offender treatment program. In *Richie,* the defendant was ordered to submit to drug and alcohol treatment during his incarceration, and on appeal, he argued that the court lacked the authority to impose such a condition. This court agreed, noting that, pursuant to Ark.Code Ann. § 5–4–303, a circuit court may clearly place conditions on a defendant when the court suspends the imposition of sentence or places the defendant on probation, but that "there is no similar provision in section 5–4–104(d) that would allow a court to place specific conditions on a sentence of incarceration." 2009 Ark. 602, at 8, 357 S.W.3d at 914. We explained: "[G]enerally speaking, absent a statute, rule, or available writ, once the circuit court enters a judgment and commitment order, jurisdiction is transferred to the Department of Correction—the Executive Branch—and it is for that branch to determine any conditions of incarceration, such as whether the defendant will undergo drug treatment." *Id.* at 11, 357 S.W.3d at 915. Thus, we

held that the court imposed an illegal sentence when it attempted to require Richie to undergo drug and alcohol treatment and remanded to the circuit court with directions to strike the unlawful condition. Likewise, in the present case, we hold that the condition of appellant's incarceration requiring sex-offender treatment is illegal, and to correct this error, we remand for the circuit court to strike the unlawful condition and enter a corrected judgment and commitment order.

■ ₄For his second point on appeal, appellant argues that the circuit court erred in allowing evidence of prior alleged misconduct involving a minor to be introduced during the sentencing phase of his trial. This court has made clear that the rules of evidence apply to evidence introduced at the sentencing phase; however, pursuant to Ark.Code Ann. § 16–97–103 (Repl.2006), certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Brown v. State,* 2010 Ark. 420, 378 S.W.3d 66. A circuit court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *MacKool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006).

Prior to trial, appellant filed a motion in limine to prevent the introduction of certain 404(b) evidence, specifically evidence regarding an alleged incident that occurred in 2008 in which appellant was accused of kissing a nine-year-old boy on the neck and side, leaving hickeys on the boy. There was an investigation by the police, but no charges were ever filed. Appellant argued that this was improper character evidence and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Thus, appellant asked the court to find that "the State should not be allowed to introduce evidence of the alleged conduct against him in any way."

The motion was discussed at a pretrial hearing held March 14, 2011. The State explained that appellant, in his statement to the police, had made a reference to this prior alleged incident, and it was the State's understanding that appellant wished to redact that part of his statement. The prosecutor stated, "I don't intend on putting that evidence in with live testimony of my own during my case in chief. I do intend for those witnesses to testify at ₅sentencing. But I am opposed to redacting the confession away." The court delayed ruling until the second day of trial; however, at that time, framing the issue as whether appellant's statement should be redacted, the court found that there was not enough similarity between the alleged incident and the present case and that "the possible prejudicial—unfair prejudice outweighs the probative value, and I'm going to grant your motions." Thus, appellant's reference to the incident in his statement was redacted.

After the jury found appellant guilty and the case proceeded to the penalty phase, the State called Detective Gary Connor with the Washington County Sheriff's Office to testify regarding the alleged incident in 2008. Detective Connor testified:

The allegation was called in to the sheriff's office because a mother thought that her nine-year-old son had been sexually abused by a neighbor. The neighbor was identified as Mr. White. The mother noticed a hickey on the nine-year-old son's neck and another on his side.... When I interviewed Mr. White later on that afternoon, I asked him about that and just asked him to explain to me how that happened or what had happened. He admitted that he held the boy down, kissed him on the neck

and on his side but denied any real sexual contact with the boy.

On cross-examination, Detective Connor explained that no charges were ever filed in that case. The State also presented the testimony of Jessica Winters, appellant's former probation officer, who stated that, in 2008, she told appellant to stay away from little boys after he told her of "an incident of inappropriate contact that he had, um, biting young children." The defense raised no objection to either witness's testimony.

■ On appeal, appellant argues that the admission of the above testimony constituted a violation of his rights under the Confrontation Clause. The Confrontation Clause bars admission of testimonial statements of a witness who does not appear at trial, unless the ₆witness is unavailable to testify, and the defendant previously had the opportunity to cross-examine the declarant. *Vankirk v. State*, 2011 Ark. 428, 385 S.W.3d 144 (citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). This court recently held in *Vankirk* that the right of confrontation applied to a sentencing proceeding before a jury. We also explained that

> [w]here a statement is made to a government official, it is presumptively testimonial, but the statement can be shown to be nontestimonial where the primary purpose of the statement is to obtain assistance in an emergency. Where a statement is made to a nonofficial, it is presumptively nontestimonial, but can be shown to be testimonial if the primary purpose of the statement is to create evidence for use in court.

*Id.* at 5, 385 S.W.3d at 148 (quoting *Seely v. State*, 373 Ark. 141, 152, 282 S.W.3d 778, 787 (2008)). If a statement is not testimonial, there is no Confrontation Clause issue, but if a statement is testimonial, the Confrontation Clause is implicated. *Vankirk*, 2011 Ark. 428, at 6, 385 S.W.3d at 148–49. In *Vankirk*, the statements in question were made to an investigator for the state police for the purpose of proving events relevant to a criminal investigation; thus, the statements were testimonial and subject to a Confrontation Clause analysis.

In the present case, appellant asserts that the hearsay statements given by Detective Connor and Officer Winters were also testimonial in nature, because the nine-year-old alleged victim made the report to law enforcement officers for the purpose of a criminal prosecution. Appellant never had an opportunity to confront this child; thus, he argues, the admission of this testimony was a violation of the Confrontation Clause.

Alternatively, appellant also contends that testimony regarding these allegations was previously excluded from the guilt phase of the trial, and because the rules of evidence apply equally at sentencing, the testimony should have been excluded from the sentencing phase as ₇well. By allowing the testimony, appellant argues, the court contradicted its earlier ruling that the probative value was outweighed by the risk of unfair prejudice.

■ Appellant acknowledges that he did not object to this testimony at sentencing but argues that we should nonetheless address his arguments as they fall under one or more of the *Wicks* exceptions. These exceptions occur when (1) a trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) a trial court errs at a time when defense counsel has no knowledge of the error and thus no opportunity to object; (3) a trial court should intervene on its own motion to correct a serious error; and (4) the admission or exclusion of evidence affects a defendant's substantial rights.

*Thomas v. State,* 370 Ark. 70, 257 S.W.3d 92 (2007).

In the present case, appellant argues that the second exception applies, because this court did not establish that the Confrontation Clause applied to sentencing until October 13, 2011, when we handed down *Vankirk,* and the sentencing phase of appellant's trial took place on March 17, 2011. Thus, at the time of the sentencing phase, defense counsel had no knowledge that the Confrontation Clause applied and that the court had erred in admitting the testimony. Appellant also asserts that the third exception applies, as the court should have intervened to correct two serious errors: a violation of the Confrontation Clause and a violation of the rules of evidence. Finally, appellant contends that the fourth exception applies because the admission of the testimony affected one of his substantial rights, namely the right of confrontation.

Lastly, appellant notes that any conclusion that his right of confrontation was violated is subject to a harmless-error analysis. In *Vankirk,* this court explained that

> [w]hether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

2011 Ark. 428, at 11, 385 S.W.3d at 151 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). Appellant argues that the admission of this testimony in his case was not harmless because it portrayed him as a sexual predator who preys on children and likely persuaded the jury to recommend a life sentence.

As a preliminary matter, it is clear that appellant's arguments on this point are not preserved for this court's review. First, as to the Confrontation Clause argument, our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered on appeal. *Paschal v. State,* 2012 Ark. 127, 388 S.W.3d 429. Second, as to the evidentiary argument, our law is equally clear that evidentiary rulings simply must be raised below before this court will consider them on appeal. *Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 (2002). As already noted, pursuant to Ark.Code Ann. § 16–97–103, certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of a trial, and if appellant did not wish for this evidence to come in during sentencing, he should have raised an objection.

With regard to the application of the *Wicks* exceptions that is urged by appellant, our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *Anderson v. State,* 353 Ark. 384, 108 S.W.3d 592 (2003). As explained previously, the second *Wicks* exception will apply when a trial court errs at a time when defense counsel has no knowledge of the error and thus no opportunity to object. Although appellant argues that Vankirk had not yet been handed down so defense counsel could not have known that the Confrontation Clause applied to sentencing, this court has previously rejected a similar argument. In *Harris v. State,* 363 Ark. 502, 215 S.W.3d 666 (2005), the defendant did not object to certain exhibits introduced at sentencing to prove his prior felony convictions. On appeal, however, he argued that under a

recent United States Supreme Court case, *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Sixth Amendment restricted the court's consideration of extrinsic evidence to determine prior felony convictions. While acknowledging that he made no Sixth Amendment objection below, he argued that it would have been futile to make such an argument because Shepard had not yet been decided. This court rejected this argument and held that "the matter clearly does not fall within any of the *Wicks* exceptions." *Harris*, 363 Ark. at 505, 215 S.W.3d at 668. In the present case, we likewise reject appellant's argument and find that the second *Wicks* exception does not apply.

▆▆ We also find that the present case does not implicate the third *Wicks* exception, which applies when the trial court should intervene on its own motion to correct a serious error. This exception is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof. *Anderson, supra.* Finally, as to the fourth *Wicks* exception, which is implicated when the admission or exclusion of evidence affects a defendant's substantial rights, this court addressed a similar argument in *Crawford v. State*, 362 Ark. 301, 310, 208 S.W.3d 146, 152 (2005):

> Crawford contends that his constitutional claim should be addressed on appeal under the fourth *Wicks* exception. In *Buckley v. State*, [349 Ark. 53, 76 S.W.3d 825 (2002)], we addressed a similar argument. In declining to apply the fourth *Wicks* exception, we held that Rule 103(d) of the Arkansas Rules of Evidence is, as the *Wicks* court noted, "negative, not imposing an affirmative duty" on the court. *Id.* at 66, 76 S.W.3d at 833. Because this issue deals with

evidentiary rulings by the trial court, which are subject to an abuse-of-discretion standard, the *Buckley* court held that such rulings "simply must be raised below before this court will consider them on appeal." *Id.* In any event, we note that Crawford's preliminary objection to the detective's testimony was brought to the attention of the circuit court. That objection, however, was not based upon the constitutional grounds Crawford now asserts on appeal. We have narrowly defined the exceptions outlined in *Wicks*, and we decline to expand those exceptions where Crawford simply failed to make a proper, contemporaneous objection at trial.

We likewise decline to expand and apply any of the *Wicks* exceptions to the case at bar.

Remanded with directions in part; affirmed in part.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring.

I concur in the result but I would analyze White's Confrontation Clause argument under *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). In the instant case, White did not object to Detective Cannon's testimony about what the nine-year-old victim's mother thought about White's abuse of her son. This testimony was disallowed during the guilt phase of the trial but allowed during the sentencing phase. The trial took place on March 15–17, 2011. During his trial, White did not mount an objection based on the Confrontation Clause.

The *Wicks* decision provides four exceptions to our plain-error rule that requires a contemporaneous objection to preserve an issue for review:

(1) when the trial court fails to bring the jury's attention to a matter essential to its consideration of the death penalty itself; (2) when the defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly; and (4) Ark. R. Evid. 103(d) provides that the appellate court is not precluded from taking notice of errors affecting substantial rights, although they were not brought to the attention to the trial court.

*Adams v. State,* 2009 Ark. 375, at 7, 326 S.W.3d 764, 768 (citing *Anderson v. State,* 353 Ark. 384, 108 S.W.3d 592 (2003)); *see also Wicks,* 270 Ark. 781, 606 S.W.2d 366.

This court formerly disallowed Confrontation Clause arguments in the sentencing phase of a trial. This changed with our decision in *Vankirk v. State,* 2011 Ark. 428, 385 S.W.3d 144. In *Vankirk,* we held, for the first time, that we would recognize a Confrontation Clause challenge in the sentencing phase. That decision was handed down on October 13, 2011, nearly seven months after White's trial.

I conclude that a Confrontation Clause issue is a structural issue, which equates to burden of proof, trial by jury, and the presumption of innocence. The Sixth Amendment to the United States Constitution protects the right to confront witnesses as well as the right to a jury trial. As the Supreme Court of the United States has said, "[D]ispensing with confrontation because testimony is obviously reliable is akin to dispensing with [a] jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes." *Crawford v. Washington,* 541 U.S. 36, 62, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

In short, I believe White's Confrontation Clause argument must be considered under *Wicks* as a matter affecting the substantial rights of the defendant. *See also* Ark. R. Evid. 103(d) (2011) ("Nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court."). Nevertheless, I do not believe the Confrontation Clause error constitutes reversible error because it was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (holding that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt). The evidence against White was conclusive and included marks on the victim's ear and testimony about penetrating trauma to his anus.

For these reasons, I concur in the opinion to affirm.