

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–523

| | | |
|---|---|---|
| ALVIN T. FUKUNAGA | APPELLANT | **Opinion Delivered** January 8, 2014 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR–12–284] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Alvin T. Fukunaga appeals from a Pulaski County jury's verdict finding him guilty of raping his stepgranddaughter, for which he was sentenced to ten years' imprisonment. Fukunaga argues that, although defense counsel raised no objection to certain errors at his trial, those errors fall within two exceptions to the contemporaneous-objection rule as set forth in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). We affirm.

Because the sufficiency of the evidence is not challenged on appeal, only a brief recitation of the facts is necessary. A.S. was eleven or twelve years old when Fukunaga began sexually abusing her and, over the course of approximately six years, the sexual abuse progressed to his raping her. The victim's father, Fukunaga's stepson, eventually learned about the sexual abuse and that his daughter had identified a mole in an inconspicuous area on Fukunaga's body. The man confronted his stepfather and blew Fukunaga's leg off with a shotgun.



Fukunaga argues that three errors occurred during his trial. First, he contends that the trial court prevented him from presenting evidence that A.S. had accused her other grandfather of sexual abuse. Second, Fukunaga argues that admitting a criminal investigator's testimony was error because he was not qualified as an expert and that his descriptions of behavior of sexual-abuse victims in general and his opinions on the credibility of accusations were inadmissible. Third, Fukunaga argues that it was error to permit A.S.'s childhood friend to bolster her credibility by testifying to past confidences concerning the sexual abuse.

Arkansas does not have a "plain-error" rule. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). An argument for reversal will not be considered in the absence of a proper objection. *Id*. The Arkansas Supreme Court in *Wicks*, *supra*, however, recognized four narrow exceptions that are to be rarely applied. These exceptions occur when (1) a trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) a trial court errs at a time when defense counsel has no knowledge of the error and thus no opportunity to object; (3) a trial court should intervene on its own motion to correct a serious error; and (4) the admission or exclusion of evidence affects a defendant's substantial rights. *White v. State*, 2012 Ark. 221, 408 S.W.3d 720. Fukunaga argues that the third and fourth exceptions apply. We disagree.

The third exception involves a trial court's duty to intervene and correct a serious error either by an admonition to the jury or by ordering a mistrial. "Appellant cannot predicate error upon the failure of the court to make a ruling that he did not at the time ask the court to make, unless the remarks were so flagrant and so highly prejudicial in character as to make

it the duty of the court on its own motion to have instructed the jury not to consider the same." *Wicks*, 270 Ark. at 786, 606 S.W.2d at 370. In *White, supra*, our supreme court noted that the third exception is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof.

The fourth exception "might arguably be asserted on the basis of [then] Uniform Evidence Rule 103(d)." *Buckley, supra.* That rule is now Ark. R. Evid. 103(d) and provides that nothing in the rule precludes taking notice of errors affecting substantial rights. *Wicks* noted that Ark. R. Evid. 103(d) is "negative, not imposing an affirmative duty, and at most applies only to a ruling which admits or excludes evidence." *Wicks*, 270 Ark. at 787, 606 S.W.2d at 370.

With regard to Fukunaga's assertion that A.S. made similar accusations against another grandfather, Fukunaga did not comply with the rules concerning rape-shield evidence. Arkansas Code Annotated section 16–42–101(c) (Repl. 1999) provides that the victim's prior sexual conduct *may* be admitted at trial, but only after a written motion is filed and a hearing held. Fukunaga failed to follow this procedure, and he did not proffer testimony. He now argues on appeal that procedural deficiencies should be overlooked because his constitutional right to due process was implicated. Our law is well settled that we will not consider issues raised for the first time on appeal, even constitutional ones, because the trial court was deprived of the opportunity to rule on them. *Gaines v. State*, 2010 Ark. App. 439. Nevertheless, Fukunaga claims that this error in precluding mention of other allegations of

SLIP OPINION

sexual abuse by the victim falls within one of the *Wicks* exceptions. We disagree. Here, the error complained of is the result of defense counsel's inaction by simple failure to comply with established procedure to determine relevancy, which protects victims of sexual abuse against unnecessary humiliation. *See, e.g.*, *Stewart v. State*, 2012 Ark. 349, ___ S.W.3d ___. We hold that neither the third nor the fourth *Wicks* exception applies.

Fukunaga next argues that it was error for Investigator Jay Massiet to testify about repressed memories and "other psychiatric or neurological issues." The State did not offer Massiet as an expert, and Massiet pointed out on the witness stand that he was not an expert. Nevertheless, Fukunaga was given an opportunity to test Massiet's qualifications through cross-examination. Massiet, who had handled hundreds of sexual–abuse cases, testified to difficulties in interviewing victims of sexual abuse based on his personal experience, which is permitted by Ark. R. Evid. 701, covering opinion testimony by lay witnesses. Contrary to Fukunaga's assertion, Massiet gave no opinion as to whether A.S. was truthful in her claims. Rather, he said that an event, such as alcohol poisoning requiring hospitalization, as we have here, could trigger memories of sexual abuse. Credibility of witnesses is a matter for the jury's consideration. *Estrada v. State*, 2011 Ark. 3, 376 S.W.3d 395. Neither *Wicks* exception comes into play under these circumstances.

Finally, Fukunaga contends that the State should not have been permitted to bolster A.S.'s credibility through the testimony of her childhood friend. On appeal, Fukunaga presumes that the friend's testimony regarding what A.S. confided was not hearsay because it was a prior consistent statement under Rule 801(d)(1)(ii), offered to rebut an express or

implied charge of recent fabrication or improper influence or motive. Fukunaga contends that, because there was no objection to the friend's testimony, "the prosecution was not forced to establish when the allegations arose vis-à-vis the motive to fabricate." It was up to defense counsel to establish through cross-examination when an alleged motive to fabricate arose because that was clearly part of Fukunaga's defense, and not the State's case-in-chief. We hold that neither *Wicks* exception applies here.

We decline to extend the third or fourth *Wicks* exceptions to the alleged errors in this case, which appear to be more appropriately raised in a petition for postconviction relief.

Affirmed.

GLADWIN, C.J., and GRUBER, J., agree.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

SLIP OPINION