

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–486

| | | |
|---|---|---|
| A.I. | | **Opinion Delivered** JANUARY 6, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. JV-2014-830] |
| | | |
| STATE OF ARKANSAS | | HONORABLE WADE NARAMORE, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

## DAVID M. GLOVER, Judge

A.I. appeals from his delinquency adjudication for felony rape and misdemeanor possession of a controlled substance. His sole point of appeal lies in his contention that the testimony of Katherine Finnegan, stating she found the victim, A.M., and other witnesses credible, was inadmissible and requires reversal. A.I. acknowledges this issue was not raised below, but he nevertheless urges this court to consider it anyway under two of the four exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). We do not find either of the *Wicks* exceptions applicable, and, consequently, affirm on the basis that his argument was not properly preserved.

It is not necessary to outline the facts of this case in detail. A.I. and A.M. were both fifteen at the time of the events that led to A.I.'s delinquency adjudication. A.I. and several other young men began gathering at A.I.'s house; drinking was involved. At some point,

SLIP OPINION

A.M. was contacted and invited to join them. She snuck out of her house around 1:00 a.m., was picked up by four of the young men, including A.I.; and they all returned to A.I.'s house. Before the night was over, A.M., too, engaged in drinking alcohol; she also took at least part of a pill that was given to her by A.I. and identified by someone as a Xanax, although later lab results did not confirm it. Eyewitness accounts varied in degree, but were in general agreement that A.M. became intoxicated to a significant degree. States of undress and sexual conduct of different varieties were reported, including oral sex and vaginal intercourse.

Katherine Finnegan, an investigator with the division of Crimes Against Children of the Arkansas State Police, testified a call was received on the child-abuse hotline concerning A.M., and the case was assigned to her (Finnegan). She interviewed A.M., A.I., and other persons who were present on the night in question. A.I. challenges portions of Finnegan's testimony in this appeal. In particular, he challenges those portions of Finnegan's testimony in which she states she found A.M. (the victim) credible and A.I. not credible, and she reached a true finding concerning the sexual conduct.

A.M. was examined and a rape kit was utilized, along with drug tests. No semen, lacerations, or drugs were found, but A.I. admitted having sex with A.M., and he testified he used a condom. In addition, the emergency room doctor explained why Xanax might not show up in the test results.

A.I. does not challenge the sufficiency of the evidence supporting his delinquency adjudications. Rather, he contends that the portion of Finnegan's testimony in which she

said she regarded A.M. "as credible and that she had made findings of true for various sexual acts" was "completely and totally inadmissible." He cites several cases for the proposition that "testimony from a witness expressing an opinion about the truthfulness of other testimony—whether denominated as expert or lay testimony—is not admissible."

A.I. is very candid in his acknowledgment that this argument was not raised below. He contends, however, the alleged error falls within the third and fourth exceptions set forth in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), and we should address it despite the lack of preservation. We disagree.

The *Wicks* case outlined exceptions to the basic requirement that an objection must be raised below in order to be considered on appeal; *Wicks* explained that they were "so rare that they may be reviewed quickly." The *Wicks* opinion then recited four exceptions, which have subsequently been summarized as follows:

> These exceptions occur when (1) a trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) a trial court errs at a time when defense counsel has no knowledge of the error and thus no opportunity to object; *(3) a trial court should intervene on its own motion to correct a serious error; and (4) the admission or exclusion of evidence affects a defendant's substantial rights*.

*White v. State*, 2012 Ark. 221, at 7, 408 S.W.3d 720, 724 (emphasis added). A.I. contends the third and fourth exceptions apply in this situation. They do not.

As explained in *White*, the third exception "is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof." 2012 Ark. 221, at 9, 408 S.W.3d at 726. Fundamental or structural errors contemplated by this *Wicks* exception

3

involve "situations where the legal process has been corrupted and there is no opportunity to cure it." *Anderson v. State*, 353 Ark. 384, 412, 108 S.W.3d 592, 610 (2003). A.I.'s argument concerning Finnegan's testimony does not satisfy those requirements.

The fourth *Wicks* exception is implicated when the admission or exclusion of evidence affects a defendant's substantial rights, but the *White* court quotes from *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005) and explains

> In declining to apply the fourth *Wicks* exception, we held that Rule 103(d) of the Arkansas Rules of Evidence is, as the *Wicks* court noted, "negative, not imposing an affirmative duty" on the court. Because this issue deals with evidentiary rulings by the trial court, which are subject to an abuse-of-discretion standard, the *Buckley* court held that such rulings "simply must be raised below before this court will consider them on appeal." [*Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002)]. In any event, we note that Crawford's preliminary objection to the detective's testimony was brought to the attention of the circuit court. That objection, however, was not based upon the constitutional grounds Crawford now asserts on appeal. We have narrowly defined the exceptions outlined in *Wicks*, and we decline to expand those exceptions where Crawford simply failed to make a proper, contemporaneous objection at trial.

*White*, 2012 Ark. 221, at 10, 408 S.W.3d at 726. The argument A.I. pursues in this appeal is evidentiary in nature, was not raised below, and does not involve constitutional issues. We conclude the fourth exception does not encompass this situation and decline to expand the exception.

Because A.I.'s argument was not properly preserved and does not fit within a *Wicks* exception, we cannot address it.

Affirmed.

GLADWIN, C.J., and VAUGHT, J., agree.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.