Cite as 2020 Ark. App. 468

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-20-100

|  |  |
|---|---|
| DONNIE SAMUEL WITHERSPOON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 7, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-18-860]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

The Garland County Circuit Court convicted Donnie Witherspoon of residential burglary. He concedes that he failed to preserve the issues he now raises on appeal by objecting at trial, but he argues that we should reach the merits of his arguments because this case falls within one of the exceptions to the contemporaneous-objection rule outlined in *Wicks v. State*, 270 Ark. 781, 785–87, 606 S.W.2d 366, 369–70 (1980). We disagree and affirm.

On appeal, Witherspoon argues that the court erred in admitting the testimony of Hot Springs police officer Matthew Cheatam regarding a witness's description and identification of Witherspoon. Witherspoon claims that Officer Cheatam's testimony violated the Confrontation Clause and was inadmissible hearsay. He does not dispute that he failed to make either objection during the trial. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered. *White v. State*, 2012 Ark. 221, at 8, 408 S.W.3d 720, 725 (citing *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429).

Witherspoon nevertheless urges us to consider his argument under the fourth exception outlined in *Wicks*, 270 Ark. at 785–87, 606 S.W.2d at 369–70. These exceptions occur when (1) a trial court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) a trial court errs at a time when defense counsel has no knowledge of the error and thus no opportunity to object; (3) a trial court should intervene on its own motion to correct a serious error; and (4) the admission or exclusion of evidence affects a defendant's substantial rights. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007).

The fourth *Wicks* exception derives from Arkansas Rule of Evidence 103(d), which provides that an appellate court "may take notice of errors affecting substantial rights although they were not brought to the attention of the [trial] court." *Fukunaga v. State*, 2014 Ark. App. 4, at 3. Witherspoon argues that, because his right to confront witnesses against him is a "substantial right," the fourth *Wicks* exception applies, and we should address the merits of his appeal despite his failure to object below. He is wrong as a matter of law.

Our case law is quite clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *White*, 2012 Ark. 221, at 8–9, 408 S.W.3d at 725. Both the Arkansas Supreme Court and the Arkansas Court of Appeals have held that these exceptions are not intended to apply where a party simply fails to make a contemporaneous objection. *Id.* at 9–10, 408 S.W.3d at 726; *Mahomes v. State*, 2013 Ark. App. 215, at 9, 427 S.W.3d 123, 129. As we explained in *Mahomes*, the Arkansas Supreme Court in *White* "refused to apply the *Wicks* exceptions to an alleged Confrontation Clause error[.]" 2013 Ark. App. 215, at 9, 427 S.W.3d at 129. This precedent severely undercuts Witherspoon's claim that *Wicks* must apply in the present case

because the alleged error impacts a "substantial right." Moreover, "[t]he *White* court . . . declined to apply the fourth *Wicks* exception—that the evidence affected the defendant's substantial rights—to a situation where, like here, there was a simple failure to make a contemporaneous objection at trial." *Id.*

Because Witherspoon failed to raise his objections below and the fourth *Wicks* exception does not apply, we hold that his arguments are not preserved for our review.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.