Cite as 2022 Ark. App. 490

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-82

| | | | |
|---|---|---|---|
| LEONARD WILEY | APPELLANT | Opinion Delivered November 30, 2022 | |
| V. | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-16-1142] | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE MICHAEL MEDLOCK, JUDGE | |
| | | AFFIRMED | |

**MIKE MURPHY, Judge**

Appellant Leonard Wiley appeals a Crawford County Circuit Court's order revoking his suspended imposition of sentence (SIS) and sentencing him to twenty years in the Arkansas Department of Correction. On appeal, Wiley challenges the sufficiency of the evidence supporting the revocation of his SIS. We affirm.

On September 12, 2017, Wiley pleaded guilty to the offense of first-degree forgery. The court withheld imposition of sentence for a period of ten years conditioned upon good behavior, and Wiley was ordered to pay fines, court costs, and fees.

On April 30, 2021, the State filed a petition to revoke/show cause, seeking to revoke Wiley's SIS status because he had allegedly committed battery in the first degree, aggravated

assault, and endangering the welfare of a minor.[1] A hearing on this petition was held on November 5. Prior to calling witnesses, the State moved to admit copies of Wiley's signed plea agreement, plea statement, and sentencing order in the underlying forgery offense. These documents were introduced without objection.

At the revocation hearing, Joshua Cole, the victim of the battery, testified to the events that led up to the April 25, 2021 shooting. He testified that earlier that day Wiley had accompanied him to pick up his girlfriend, Jessica Doyle, in Fort Smith. Cole stated he then drove to Van Buren and picked up Corrina Russell. Russell's minor child came with her, sitting between her and Doyle in the back seat of the car. Cole testified that the child was approximately ten months old at the time. Cole testified that he then drove the group to Taco Bell, and after buying everyone food, Wiley instructed him to drive toward a friend's house. Cole testified that approximately twelve minutes later, Wiley pulled out a pistol and began firing at him from the front-passenger seat.

Doyle testified and corroborated Cole's testimony. She also testified that there was no argument leading up to the moment when Cole was shot. Further, she stated that Cole parked the car and got out after being shot. Wiley then moved to the driver's seat and began driving the vehicle, and Doyle jumped out.

---

[1]Although the State's petition to revoke sentence/show cause alleged noncompliance based on Wiley's alleged failure to pay fines, court costs, and fees of $1,885, there was no evidence presented on this issue.

Wiley moved for a directed verdict at the close of the State's evidence. The motion addressed only the battery and aggravated-assault charges. The motion was denied. Wiley did not put on any evidence and renewed his motion. At the conclusion of the hearing, Wiley's SIS was revoked, and he was sentenced to a term of twenty years in the Arkansas Department of Correction.

To revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2021). We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Garrin v. State*, 2022 Ark. App. 342, at 3–4, 652 S.W.3d 608, 610. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.*

On appeal, Wiley generally argues that the State presented "legally insufficient" evidence to support revocation, but the argument encompasses several distinct claims that do not amount to a sufficiency challenge. For example, Wiley contends that the State failed to prove that he had ever been supplied with the written conditions of his SIS. Further, he argues that the admission of his signed plea at the hearing amounted to a confrontation-clause violation.

3

Wiley concedes he did not object when the State introduced a copy of the signed plea agreement at the hearing. The agreement expressly reflected and acknowledged that his sentence in his 2017 case was conditioned upon his "not commit[ting] a criminal offense punishable by imprisonment[,]" nor did he assert at any point during the revocation hearing that he was unaware of the conditions of his suspended sentence. Unlike sufficiency challenges, an argument premised on insufficient notice of a condition pursuant to Arkansas Code Annotated section 5-4-303 (Supp. 2021) is not an issue that can be raised for the first time on appeal and is thus not preserved for our review. *See Gilbreth v. State*, 2020 Ark. App. 86, at 6, 596 S.W.3d 29, 33. ("[T]o the extent appellant argues that he failed to receive a written statement explicitly setting forth the conditions under which he was being released as mandated by statute, he failed to preserve this argument for our review.").

Concerning his confrontation-clause argument, Wiley contends the violation "was so derelict" as to rise to a violation under *Wicks v. State*, 270 Ark. 781, 785–86, 606 S.W.2d 366, 369–70 (1980). However, we have refused to extend the limited exceptions under *Wicks* to alleged confrontation-clause violations. Specifically, we wrote in *Witherspoon v. State*, 2020 Ark. App. 468, at 2–3:

> Our case law is quite clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *White* [*v. State*], 2012 Ark. 221, at 8–9, 408 S.W.3d [720,] 725. Both the Arkansas Supreme Court and the Arkansas Court of Appeals have held that these exceptions are not intended to apply where a party simply fails to make a contemporaneous objection. *Id.* at 9–10, 408 S.W.3d at 726; *Mahomes v. State*, 2013 Ark. App. 215, at 9, 427 S.W.3d 123, 129. As we explained in *Mahomes*, the Arkansas Supreme Court in *White* "refused to apply the *Wicks* exceptions to an alleged Confrontation Clause error[.]" 2013 Ark. App. 215, at 9, 427 S.W.3d at 129. This precedent severely undercuts Witherspoon's claim that *Wicks* must apply in the

4

present case because the alleged error impacts a "substantial right." Moreover, "[t]he *White* court . . . declined to apply the fourth *Wicks* exception—that the evidence affected the defendant's substantial rights—to a situation where, like here, there was a simple failure to make a contemporaneous objection at trial. *Id.*

Last, we reject Wiley's general claim that there was insufficient evidence to support revocation of his suspended sentence. The State's burden at a revocation proceeding is to prove one of the defendant's alleged violations by a preponderance of the evidence. *Dunlap v. State*, 2022 Ark. App. 201, at 4. Moreover, when multiple new crimes are alleged, and the circuit court made no specific findings as to which offense it relied on, we will affirm if there is sufficient evidence to establish as least one of the alleged violations. *Stewart v. State*, 2018 Ark. App. 306, at 3, 550 S.W.3d 916, 918.

The State's petition alleged that Wiley committed the offense of first-degree battery against Cole—that is, that he had purposely caused Cole serious physical injury by means of a deadly weapon. *See* Ark. Code Ann. § 5-13-201(a)(1) (Supp. 2021). Cole testified that he was driving a car when Wiley, who was seated next to him, pulled out a pistol and began firing at him. Doyle's testimony corroborated Cole's account of the interaction. Moreover, testimony established that Russell's ten-month-old child was inside the car when Wiley opened fire on Cole, which supported a finding that he endangered the welfare of a minor in violation of Arkansas Code Annotated section 5-27-206(a)(1) (Repl. 2013), as further alleged by the State. These amount to credibility determinations, which we defer to the court's findings.

Given this evidence, we hold that the circuit court's decision to revoke Wiley's SIS was not clearly against the preponderance of the evidence.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Hancock Law Firm*, by: *Alex Burgos*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.