Cite as 2025 Ark. 175

# SUPREME COURT OF ARKANSAS

**No.** CR–25–28

| | |
|---|---|
| HOWARD TOGO WOOD JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 13, 2025<br><br>PRO SE APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT<br>[NO. 64CR-13-36]<br><br>HONORABLE JERRY D. RAMEY, JUDGE<br><br><u>REMANDED WITH INSTRUCTIONS</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Howard Togo Wood Jr. appeals from the denial of his petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In July 2013, Wood pleaded guilty to first-degree sexual assault and was sentenced to thirty years' imprisonment. Wood alleged in his petition to correct illegal sentence that the circuit court did not have the authority to impose a no-contact order with the victim. Wood contends on appeal, as he did below, that the special condition in the sentencing order was illegal because the court did not have the authority to impose it, and as a result, his conviction and sentence are also illegal. We agree that the no-contact order was illegal, and we therefore remand this case to the circuit court with instructions to enter an amended sentencing order removing that condition.

The State first asserts that this court does not have jurisdiction because Wood did not file his motion for reconsideration within ten days after entry of the judgment as required

by Arkansas Rule of Appellate Procedure–Civil 4(b) (2024). The record reveals that on July 1, 2024, the circuit court denied Wood's illegal-sentence petition. After the petition was denied, Wood filed a motion for reconsideration on July 19, 2024. The circuit court denied the motion for reconsideration on August 15, 2024. Wood filed his notice of appeal on September 11, 2024, within thirty days of the order that denied his reconsideration motion. We recognize that Arkansas Rule of Appellate Procedure–Civil 4(b) places a ten-day limit on posttrial motions for reconsideration. However, the time for filing posttrial motions in criminal cases is not limited to ten days. Rather, in a criminal case, a posttrial motion for reconsideration may be filed within thirty days of the circuit court's order, and the time to file a notice of appeal is consequently extended to an additional thirty days from the date the posttrial motion has been denied. *See* Ark. R. Crim. P. 33.3 (2024); Ark. R. App. P.–Crim. 2(b)(1). These two criminal-procedure rules have been generally applied in postconviction appellate proceedings when the circuit court rules on the reconsideration motion. *See McArthur v. State*, 2019 Ark. 220, at 1 n.1, 577 S.W.3d 385, 386 n.1. Therefore, this court has jurisdiction of this appeal.

With respect to the allegations of an illegal sentence, the State concedes that the condition placed on Wood's incarceration was not authorized by the law in effect when the crime was committed in March 2013. It is well settled that a sentence must be in accordance with the statutes in effect on the date of the crime. *See, e.g.*, *Smith v. State*, 2025 Ark. 26, at 17, 708 S.W.3d 336, 348. In 2013, the General Assembly enacted a statute allowing a trial court to impose a no-contact condition in cases of first-degree sexual assault, but the statute did not become effective until August 16, 2013. *See* Act 1103 of 2013, § 1, titled "Crime

2

Victims—Extended Post-Conviction No Contact Orders," codified at Ark. Code Ann. § 5-4-106 (Supp. 2013). Prior to this, a circuit court was allowed to place conditions on a defendant only when the court suspended the imposition of sentence or placed the defendant on probation. *See White v. State*, 2012 Ark. 221, 408 S.W.3d 720 (citing *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909). There was no similar provision that would allow a court to place specific conditions when imposing a sentence of incarceration. *Id.*, 408 S.W.3d 720. The amended sentencing order[1] reflects that Wood was not placed on probation, nor was a suspended sentence imposed.

While the State concedes that the no-contact condition was unauthorized, it correctly argues that Wood's conviction and sentence of imprisonment remain valid. We have consistently held that the proper remedy for an illegal sentence is to amend the order and not to nullify the entirety of the sentencing order. *Limbocker v. State*, 2016 Ark. 415, 504 S.W.3d 592. In view of the above, this matter is remanded to the circuit court with instructions to correct the amended sentencing order by removing the no-contact provision.

Remanded with instructions.

Special Justice MARK ALLISON joins.

BRONNI, J., not participating.

*Howard Togo Wood*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[1]Wood's sentencing order was previously amended to correct a clerical error. *See Wood v. State*, 2021 Ark. 201.