Jerry Dewayne JOHNSON *v.* STATE of Arkansas

CR 98-1210                                              5 S.W.3d 477

Supreme Court of Arkansas
Opinion delivered December 16, 1999

Appellant, *pro se.*

*Mark Pryor,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

PER CURIAM. In 1994, Jerry Dewayne Johnson pleaded guilty to rape and aggravated robbery for which imposition of a sentence of fifteen years' imprisonment was suspended for each charge. In 1997, the suspended sentences were revoked, and Johnson was sentenced to two concurrent terms of twenty years' imprisonment. The court of appeals affirmed. *Johnson v. State,* CACR 97-1351 (June 24, 1998). Appellant subsequently filed in the trial court a petition for postconviction relief pursuant to Criminal Procedure Rule 37. The trial court denied appellant's petition because it was untimely. The appeal of the order denying appellant Rule 37 relief is now before us.

Appellant argues that the trial court erred in finding that appellant's Rule 37 petition was untimely. Appellant contends that he filed his petition within sixty days of the court of appeals' mandate in accordance with Ark. R. Crim. P. 37.2. We agree.

Arkansas Rule of Criminal Procedure 37.2(c) provides:

(c) If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed

in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced.

If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court. In the event an appeal was dismissed, the petition must be filed in the appropriate circuit court within sixty (60) days of the date the appeal was dismissed. If the appellate court affirms the conviction but reverses the sentence, the petition must be filed within sixty (60) days of a mandate following an appeal taken after resentencing. If no appeal is taken after resentencing, then the petition must be filed with the appropriate circuit court within ninety (90) days of the entry of the judgment.

When the trial court revoked appellant's suspended sentence, it entered a judgment of conviction, and appellant appealed from that judgment to the court of appeals. The court of appeals' mandate affirming appellant's revocation was issued on June 24, 1998; appellant filed his Rule 37 petition within sixty days on July 29, 1998. Thus, appellant timely filed his Rule 37 petition with regard to any postconviction claims associated with his 1997 revocation proceedings. Any claims submitted by appellant in his Rule 37 petition which relate to his 1994 guilty pleas are untimely. *See* Ark. R. Crim. P. 37.2(c).

■ Because appellant timely filed his Rule 37 petition, we reverse and remand for the trial court to consider appellant's post-conviction claims that pertain to appellant's revocation.

Reversed and remanded.