Jeremy Michael RICHIE *v.* STATE of Arkansas

CR 08-793                                               286 S.W.3d 681

Supreme Court of Arkansas
Opinion delivered September 4, 2008

*Lynn F. Plemmons*, for appellant.

No response.

PER CURIAM. Appellant Jeremy Michael Richie, by and through his attorney, has filed a motion for belated appeal.

His attorney, Lynn F. Plemmons, states in the motion that the Notice of Appeal was filed late due to a mistake on his part. The Judgment and Commitment Order entered on March 14, 2008, incorrectly listed Stephen Ralph as Appellant's attorney. The Judgment and Commitment Order was not forwarded to Mr. Plemmons. Appellant communicated his desire to appeal his revocation to Mr. Plemmons by letter. The letter requesting appeal was mislaid in the attorney's office. The Notice of Appeal was filed on April 16, 2008. A Notice of Appeal is to be filed within thirty (30) days from the date of entry of a judgment as required by Arkansas Rules of Appellate Procedure--Rule 2(a)(1).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Plemmons has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.