2009 Ark. 602

**Jeremy Michael RICHIE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–793.**

Supreme Court of Arkansas.

Dec. 3, 2009.

Lynn Frank Plemmons, Conway, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

ELANA CUNNINGHAM WILLS, Justice.

⎿The court of appeals certified this appeal to our court in order to consider whether a circuit court may place "conditions of incarceration" upon a criminal defendant's conviction. We conclude that the circuit court in this case lacked the authority to impose conditions upon a sentence of incarceration, and we reverse with directions to strike the conditions and for entry of a new judgment and commitment order.

Appellant Jeremy Richie was originally charged on January 26, 2004, with one count of possession of methamphetamine and one count of possession of drug paraphernalia, both Class C felonies. On February 4, 2005, Richie entered a negotiated plea of guilty to both charges, and the circuit court sentenced him to five years' probation on each count, to be served concurrently. One of the terms of Richie's

probation was that he complete the Faulkner County Drug Court Substance Abuse Program.

On May 6, 2005, the State filed a petition to revoke Richie's probation, contending that he had failed to abstain from substance abuse and had failed to adhere to the rules of the Drug Court program. The Faulkner County Circuit Court revoked Richie's probation and sentenced him to a period of twelve months' confinement in the Regional Punishment Facility and an additional five years' probation. Again, a "special condition" of Richie's probation was that he participate in the Drug Court Substance Abuse Program.

During Richie's probationary period, the State filed a second petition to revoke his probation on January 7, 2008, alleging that he had violated Arkansas laws, failed to abstain from alcohol, and failed to abide by curfew. Following this petition for revocation, the circuit court entered an order on January 18, 2008, ordering Richie to attend a residential drug treatment program and noting that Richie had previously been ordered to obtain drug treatment or counseling as part of his probation. A subsequent order entered on January 23, 2008, reiterated the order that he participate in a residential treatment program and found that, should he fail to complete the program, the court would issue an order for his immediate incarceration.

On February 8, 2008, the State filed an amended motion for revocation, contending that Richie had, in addition to the above-stated grounds, associated with convicted felons, in violation of the terms of his probation. The circuit court set a hearing for February 15, 2008, at which time Richie conceded that he had violated the terms of his probation. Although Richie requested a more lenient sentence, the circuit court revoked his probation and sentenced him to ten years on each count, to run concurrently, in the Arkansas Department of Correction. In pronouncing sentence from the bench, the court directed Richie to complete the Therapeutic Community Program while in prison.[1]

The judgment and commitment order, entered on March 14, 2008, set out Richie's two ten-year concurrent sentences and directed him to submit to drug and alcohol treatment and counseling at his own expense, as well as periodic drug and alcohol testing. Richie filed a notice of appeal,[2] and now raises two points for reversal, contending that the circuit court erred in imposing a sentence in excess of the maximum allowed by Arkansas law and in imposing unlawful conditions on his sentence.

In his first point on appeal, Richie contends that the circuit court imposed an illegal sentence because the ten-year sentences were in excess of the maximum allowed by law. As noted above, after

1. The court commented, "And the reason for [sentencing him to the Department of Correction is] that I think he will complete these programs forthwith. I think he has the ability to do that. I want him on supervision for just as long as I could possibly keep him on parole supervision because I think somebody is going to have to hold his hand."

2. The judgment and commitment order was entered on March 14, 2008, but Richie did not file his notice of appeal until April 16, 2008. This court granted his motion for belated appeal on September 4, 2008. *Richie v.*

*State*, 374 Ark. 158, 286 S.W.3d 681 (2008) (per curiam). His attorney initially filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but Richie filed pro se points for reversal regarding the legality of his sentence. The court of appeals observed that there were two potential issues relating to whether Richie had been sentenced illegally; therefore, the court of appeals remanded for rebriefing. *Richie v. State*, 2009 Ark.App. 522, 337 S.W.3d 529.

revoking Richie's probation, the circuit court sentenced him to two concurrent ten-year sentences in the Arkansas Department of Correction. Richie argues that, because the court had previously sentenced him to one year's confinement in conjunction with his initial probation revocation, the ten-year sentences were more than permitted by statute.

The crimes to which Richie pled guilty were Class C felonies. Arkansas Code Annotated section 5–4–401(a)(4) (Repl. 2006) provides that, for a Class C felony, the sentence "shall be not less than three (3) years nor more than ten (10) years." Because he had previously been sentenced to one year's "confinement" in the Department of Community Punishment, Richie asserts that the greatest sentence the circuit court could have imposed on him following the revocation of his probation was nine years.

▮▮▮ This argument was not raised below; however, it is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the argument below. *See Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591; *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007); *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006). Specifically, this court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *Donaldson, supra* (citing *Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002); *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992)). A sentence is void or illegal when the trial court lacks authority to impose it. *Donaldson, supra.*

The court's decision ordering confinement as part of Richie's probation revocation is governed by Arkansas Code Annotated section 5–4–304 (Repl.2006), which provides, in pertinent part, as follows:

(c) Following a revocation hearing held pursuant to § 5–4–310 and in which a finding of guilt has been made or a defendant has entered a plea of guilty or nolo contendere, a court may add a period of confinement to be served during the period of suspension of imposition of sentence or period of probation.

. . . .

(d)(1)(A) The period actually spent in confinement pursuant to this section in a county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility shall not exceed:

(i) One hundred twenty (120) days in the case of a felony;

. . . .

(e) If the suspension or probation of a defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, *the period actually spent in confinement pursuant to this section shall be credited against the subsequent sentence.*

(Emphasis added.)

▮▮▮ An illegal sentence is one that the trial court lacks the authority to impose. *See Donaldson, supra.* When the sentence given is within the maximum prescribed by law, the sentence is not illegal, because the court has the authority to impose it. *See id.; Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995). Here, the ten-year sentences were clearly within the maximum sentence prescribed by section 5–4–401(a)(4) and were thus not illegal. *See Donaldson, supra.* The circuit court did not impose an illegal sentence that was in excess of the sentence permitted by statute, but rather failed to give jail-time credit under section 5–4–304(e). A request for jail-time credit is a request

for modification of a sentence that has been imposed in an illegal manner. *See Cooley, supra; Morgan v. State*, 73 Ark. App. 107, 42 S.W.3d 569 (2001). Because the sentence was not entered without authority, this is not an argument that Richie can raise for the first time on appeal, *see Morgan, supra*, and accordingly, we affirm on this point. He is not without a remedy, however, as he can raise his claim in a Rule 37 petition for postconviction relief. *See* Ark. R.Crim. P. 37.2(b) ("All grounds for postconviction relief from a sentence imposed by a circuit court, including claims that a sentence . . . was illegally imposed, must be raised in a petition under this rule."); Ark. R.Crim. P. 37.2(c) (if an appeal is taken, a petition for relief under the Rule may be filed with the circuit court within sixty days of the issuance of the mandate by the appellate court); *Johnson v. State*, 339 Ark. 487, 5 S.W.3d 477 (1999) (appeal from denial of Rule 37 petition for postconviction relief filed after circuit court entered an order revoking appellant's probation).

In his second argument on appeal, Richie contends that the circuit court erred by imposing improper conditions upon his sentence of imprisonment in violation of Arkansas Code Annotated section 5–4–104(d) (Repl.2006). As part of the judgment and commitment order that sentenced him to ten years in the Arkansas Department of Correction, Richie was also ordered to "submit to . . . drug [and] alcohol treatment and counseling along with any other counseling deemed appropriate." Richie argues that this provision of his sentence is not authorized by section 5–4–104(d) and is therefore illegal.

 ┃₇Arkansas Code Annotated section 5–4–104(a) (Repl.2006) declares that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." In Arkansas, sentenc-

ing is entirely a matter of statute. *Donaldson, supra*. In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* Specifically, where the law does not authorize the particular sentence pronounced by the trial court, the sentence is unauthorized and illegal. *Id.*

Section 5–4–104(d) sets out authorized sentences and provides as follows:

(d) A defendant convicted of an offense other than a Class Y felony, capital murder, § 5–10–101, treason, § 5–51–201, or murder in the second degree, § 5–10–103, may be sentenced to any one (1) or more of the following, except as precluded by subsection (e) of this section:

(1) Imprisonment as authorized by §§ 5–4–401–5–4–404;

(2) Probation as authorized by §§ 5–4–301–5–4–311;

(3) Payment of a fine as authorized by §§ 5–4–201–5–4–203;

(4) Restitution as authorized by a provision of § 5–4–205; or

(5) Imprisonment and payment of a fine.

Richie argues that this statute does not authorize a trial court to order a criminal defendant to participate in drug and alcohol treatment as a condition of imprisonment.

 A circuit court may clearly place conditions on a defendant when the court suspends the imposition of sentence or places the defendant on probation. Arkansas Code Annotated section 5–4–303(a) (Repl.2006) specifically states that, "[i]f a court suspends imposition of ┃₈sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the

defendant in leading a law-abiding life." However, there is no similar provision in section 5–4–104(d) that would allow a court to place specific conditions on a sentence of incarceration.

Richie argues that our recent case of *Seamster v. State*, 2009 Ark. 258, 308 S.W.3d 567, supports his position. In *Seamster*, this court considered whether an order to complete a sex offender treatment program was a condition of a prison sentence or a condition of a suspended sentence. There, appellant Seamster pled guilty to two counts; for one conviction, he received a sentence of six years' imprisonment, and for the other, he received a ten-year suspended imposition of sentence (SIS), which was to run concurrently with the six-year sentence. As part of his plea agreement, Seamster agreed to complete the Reduction of Sexual Victimization Program (RSVP). In addition, he signed a document entitled "Conditions of Suspension or Probation," in which he agreed to "complete Aftercare Program as may be ordered or recommended by RSVP program."

Seamster reported to the Department of Correction and began to serve his six-year sentence. During his incarceration, he was not allowed to participate in RSVP because he did not comply with a requirement that he admit his guilt as condition of enrollment. After serving his entire six-year sentence, Seamster was released on March 6, 2007. On March 14, 2007, the State petitioned to revoke his SIS, alleging that Seamster "failed to complete the RSVP Program and has failed to comply with the After Care Program." The trial court granted the petition and sentenced Seamster to six more years in the Arkansas Department of Correction.

On appeal, Seamster argued that the requirement to complete RSVP was a "condition of the sentence of imprisonment," not a condition of his SIS. This court rejected his argument, concluding that the requirement to complete RSVP was a term of his SIS, noting that the "Terms/Conditions of Disposition" that listed the terms of the SIS, including an explicit requirement for him to "enroll in and complete RSVP program prior to being released from [the Arkansas Department of Correction]." *Seamster*, 2009 Ark. 258, ¶ 6, 308 S.W.3d at 571. Therefore, this court concluded that completion of the RSVP program was a condition of his SIS, not a condition of his imprisonment. *Id.*

In a footnote accompanying this conclusion, the court reiterated the general rule that a court loses jurisdiction to amend or modify a sentence once it is put into execution. Therefore, the court commented, "it is unclear exactly what Seamster and the court of appeals mean by use of the terms 'condition of a sentence of imprisonment' and 'condition of incarceration' regarding Seamster's six-year sentence." *Id.* at ¶ 6, n. 3, 308 S.W.3d at 571, n. 3.

Richie argues that the *Seamster* footnote means that the circuit court did not have the authority to order him to undergo drug rehabilitation and treatment as part of his sentence. Although this court found the RSVP requirement to be a condition of Seamster's SIS, the judgment and commitment order in this case clearly made participation in a drug treatment program a condition of Richie's *incarceration* after the court revoked his probation and sentenced him to the Department of Correction. We find no statutory authority to support such a condition, and the State does not point to a statute that so provides. Instead, the State argues that the circuit court had wide latitude regarding sentencing under the Arkansas Drug Court Act. The Drug Court Act provisions,

however, do not authorize a court to attach conditions to sentences of incarceration.

In the original language of that Act, the "drug court program" was defined as "a highly structured judicial intervention process for substance abuse treatment of eligible offenders which requires successful completion of the drug court program treatment *in lieu of incarceration.*" Ark. Code Ann. § 16–98–302(1) (Repl.2006).[3] The statute further provided that drug court programs "may require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems." Ark.Code Ann. § 16–98–303(c)(1) (Repl.2006). Sanctions permitted under the Drug Court Act included court costs, treatment costs, drug testing costs, a program user fee, and necessary supervision fees. Ark.Code Ann. § 16–98–304(a)(1)–(5) (Repl.2006 & Supp.2009). No provision in the Drug Court Act itself mentions incarceration.

Nonetheless, the State relies on section 16–98–302(b)(1) (Supp.2009), which states that a goal of the program is "integration of substance abuse treatment with justice system case processing." The State then urges that "the circuit court did just that, it integrated the punishment set by the criminal-justice process with a goal of rehabilitation." The State misses the point, however, that there is no statutory provision authorizing a circuit court to impose a condition of incarceration on a defendant, even one who may have gone through the drug court program. In fact, the State does not even address the import of this court's comment in *Seamster, supra*, that it was unclear what was even

meant by the phrase "condition of incarceration."

■ The import of that comment is that, generally speaking, absent a statute, rule, or available writ, once the circuit court enters a judgment and commitment order, jurisdiction is transferred to the Department of Correction—the Executive Branch—and it is for that branch to determine any conditions of incarceration, such as whether the defendant will undergo drug treatment. *See* Ark.Code Ann. § 5–4–402(a) (Repl.2006) ("[A] defendant convicted of a felony and sentenced to imprisonment shall be committed to the custody of the Department of Correction for the term of his or her sentence or until released in accordance with law."); *Ark. Dep't of Correction v. Stapleton,* 345 Ark. 500, 51 S.W.3d 862 (2001) (once a valid judgment and commitment order is entered, a circuit court has no authority to order where a sentence will be served).

■ Criminal statutes are to be strictly construed, with any doubts resolved in favor of the defendant. *See Brown v. State,* 375 Ark. 499, 292 S.W.3d 288 (2009); *Stivers v. State,* 354 Ark. 140, 118 S.W.3d 558 (2003). Moreover, no defendant convicted of an offense shall be sentenced otherwise than in accordance with our statutes. *See* Ark.Code Ann. § 5–4–104(d). Because no statute authorized the action taken, the circuit court in this case imposed an illegal sentence when it attempted to require Richie to undergo drug and alcohol treatment as a condition of his incarceration. To this extent, the sentence was illegal, and we remand to the circuit court with directions to strike the unlawful conditions and for the entry of a new judgment and

---

**3.** The Act, as amended in 2007, now provides that one of the goals of the program is to use a "nonadversarial approach in which prosecution and defense promote public safety while protecting the right of the accused to due process." Ark.Code Ann. § 16–98–302(b)(2) (Supp.2009).

commitment order consistent with this opinion.

 IMBER, J., not participating.