

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–326

| | | |
|---|---|---|
| | | **Opinion Delivered** May 7, 2014 |
| PENNY J. WHITSON | | APPEAL FROM THE BAXTER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR 2009-130] |
| V. | | |
| | | HONORABLE GORDON WEBB, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBIN F. WYNNE, Judge

Penny Whitson appeals from the revocation of her probation.[1] Upon revocation, the trial court sentenced Whitson to a total of 122 months' imprisonment. She argues on appeal that (1) the trial court erred by sentencing her to probation and drug court in November 2009 because she was ineligible for both; (2) because the November 2009 sentence was illegal, the revocation was also illegal; and (3) "the revised sentence in November of 2012 was calculated incorrectly." We affirm.

On November 19, 2009, Whitson pled guilty to possession of a controlled substance (psilocybin mushrooms) and possession of drug paraphernalia, both Class C felonies, and was sentenced pursuant to a plea agreement to a total of 144 months' probation and assigned to

---

[1]This case returns to us following supplementation of the record and rebriefing. *Whitson v. State*, 2013 Ark. App. 730.

drug court. On November 9, 2012, the State filed a petition to revoke, alleging that Whitson had violated the terms and conditions of her probation by (1) committing offenses punishable by imprisonment (possession of methamphetamine and drug paraphernalia in Baxter County CR-2011-243; breaking or entering and theft of property in Baxter County CR-2011-124) and (2) failing to participate in the Fourteenth Judicial District Drug Court. Whitson answered the petition, arguing that she was not in violation of her probation because she had not committed the alleged offenses and because her sentence to drug court was an illegal sentence.

The revocation hearing was held on November 16, 2012. It began with arguments regarding the legality of Whitson being sentenced to drug court and testimony from Eva Frame, who was in charge of the drug-court program. Frame's testimony revealed that Whitson was in the custody of the Arkansas Department of Correction when she was sentenced to probation in November 2009; she then went to the Missouri Department of Corrections for a parole violation. She was released from custody in Missouri on December 2, 2010. Whitson returned to Baxter County. Testimony was presented from the victim of a May 30, 2011 breaking or entering and theft from a storage unit, as well as investigating officers from the Baxter County Sheriff's Office, that Whitson was the perpetrator. A sheriff's deputy testified that he arrested Whitson on October 30, 2011, for possession of methamphetamine and drug paraphernalia. Whitson also testified, admitting that she had lost count of the number of previous felony convictions she had. The trial court declined to revoke Whitson's probation based on her failure to participate in drug court, but the court revoked her probation based on its finding that she had committed the new criminal offenses

testified to at the hearing. Whitson received consecutive sentences of seventy-two months' imprisonment for possession of a controlled substance and fifty months' imprisonment for possession of drug paraphernalia, for a total sentence of 122 months' imprisonment.

First, Whitson argues that the circuit court erred by sentencing her to probation and drug court in 2009 because (1) as someone with pending criminal charges, she was ineligible for the Fourteenth Judicial District's drug-court program; and (2) she was ineligible for probation under Ark. Code Ann. § 5-4-301 because she had previously been convicted of two or more felonies. Whitson's argument that she was not eligible for drug court is moot because the circuit court expressly stated that her failure to enter drug court was not a basis for the revocation.

Appellant's argument that she received an illegal sentence because she was not eligible for probation also fails. It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if she did not raise the argument below. *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. Specifically, this court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *Id.* A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* In Arkansas, sentencing is entirely a matter of statute. *Id.* In stating this general rule, our supreme court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* Specifically, where the law does not authorize the particular sentence pronounced by the trial court, the sentence is unauthorized and illegal. *Id.*

Arkansas Code Annotated section 5-4-301(a)(2) provides: "If it is determined pursuant to § 5-4-502 [recidivist sentencing, procedures; juries] that a defendant has previously been convicted of two (2) or more felonies, the court shall not suspend imposition of sentence or place the defendant on probation." Here, Whitson argues that she had a "string of previous felony charges from breaking and entering, forgery, and possession"; that she testified at the revocation hearing that she could not remember how many times she had been previously convicted of felonies; and that "the State never should have placed [her] on probation." As the State points out, however, Ark. Code Ann. § 5-4-301(a)(2) requires that the previous felony convictions be "determined" in accordance with section 5-4-502. Apparently, no evidence was presented to the trial court at the time that Whitson was sentenced to probation that she had been previously convicted of two or more felonies. In addition to the requirement that evidence be presented proving beyond a reasonable doubt that the defendant has, in fact, previously been convicted of the felonies alleged, a prior conviction cannot be used to enhance punishment unless the defendant was represented by counsel or validly waived counsel, *Byrum v. State*, 318 Ark. 87, 94, 884 S.W.2d 248, 252–53 (1994); in the event the record of the prior conviction does not show the defendant was represented by counsel, a presumption arises that the defendant was denied assistance of counsel and the conviction cannot be used to enhance punishment under our habitual-offender provisions. *Id.*

The cases Whitson cites are not on point. Based on the above, the circuit court had the authority to impose a sentence of probation because no evidence was presented and no determination was made that Whitson was a habitual offender who had been convicted of

two or more felonies. Because the sentence of probation was not an illegal sentence,[2] it follows that the revocation was also not illegal.

Finally, Whitson argues that even if this court affirms her original sentence and subsequent revocation, the trial court erred by sentencing her "to more time than her original sentence." She contends that the thirty-six months that elapsed between her being sentenced to probation in November 2009 and the revocation in November 2012 should be taken off her sentence as time served, leaving her with 108 months of time remaining on her sentence. She cites Arkansas Code Annotated section 5-4-307(b)(2), which provides that the period of a suspension or probation runs concurrently with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of the suspension or probation, and points specifically to the fact that she was incarcerated in Missouri for some unknown amount of time after her sentence of probation was imposed. Whitson's argument is without merit.

With an exception not applicable here, a period of suspension or probation commences to run on the day it is imposed. Ark. Code Ann. § 5-4-307(a). So Whitson is correct in that her period of probation began to run when she was sentenced in November 2009. However, if a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been

---

[2]As the State points out, running Whitson's two seventy-two-month terms of probation consecutively is not authorized under Ark. Code Ann. § 5-4-307(b)(1) (providing that multiple periods of suspension or probation run concurrently). However, the revocation occurred before the expiration of seventy-two months, and the trial court had the authority to sentence her at that time to any sentence it might have originally imposed, including consecutive terms of imprisonment.

imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 5-4-309(g)(1)(A) (repealed by Act 570 of 2011; now codified at Ark. Code Ann. § 16-93-308(g)(1)(A)).[3]

Here, Whitson pled guilty to two Class C felonies and thus was subject to a maximum sentence of ten years on both counts. *See* Ark. Code Ann. § 5-4-401(a)(4). Whitson's sentences of seventy-two months' and fifty months' imprisonment upon revocation were within the sentence allowed by statute.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Law Office of Chris Lacy*, by: *Chris Lacy*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

---

[3]Whitson's reliance on *Chadwell v. State*, 80 Ark. App. 133, 91 S.W.3d 530 (2002), is misplaced. Chadwell was sentenced to twenty years' imprisonment with ten years suspended, which was a suspended execution of sentence. This court held that the suspended portion of Chadwell's sentence commenced running when he was released from confinement, pursuant to Ark. Code Ann. § 5-4-307(c), and that the trial court did not have the authority to require Chadwell to serve more than the remainder of his original sentence. Thus, *Chadwell* is distinguishable from the case at hand, and as the State points out, relies on outdated law. "Prior to Act 1569 [of 1999], our caselaw stood for the proposition that a trial court lost jurisdiction to modify or amend an original sentence once that sentence was put into execution." *Moseley v. State*, 349 Ark. 589, 594, 80 S.W.3d 325, 327–28 (2002).

SLIP OPINION