

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-16-1030

| | |
|---|---|
| | **Opinion Delivered** May 17, 2017 |
| MALCOM JALIL EASLEY | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 26CR-13-223] |
| V. | |
| STATE OF ARKANSAS | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

On September 9, 2014, Malcom Jalil Easley pled guilty to the underlying offense of hindering apprehension or prosecution, which is a Class B felony. He was sentenced to ten years in the Arkansas Department of Correction, followed by ten years' suspended imposition of sentence, and given credit for 554 days of jail time served. On August 16, 2016, a hearing was held on the State's petition to revoke Easley's suspended imposition of sentence. Following the hearing, the trial court entered an order revoking Easley's suspended sentence, sentencing him to ten years in the Arkansas Department of Correction, and giving him credit for 299 days of jail time served. In this appeal, his sole issue is that his ten-year sentence is illegal. We affirm.

Easley was originally charged with aggravated robbery, first-degree battery, and theft of property under $1000. On September 9, 2014, he entered his negotiated guilty plea to the offense of hindering apprehension or prosecution. He was sentenced to a total of twenty

years—ten years in the Arkansas Department of Correction followed by a ten-year suspended imposition of sentence conditioned upon, among other things, not committing a criminal offense punishable by imprisonment, not drinking or possessing intoxicating or alcoholic beverages, not associating with convicted felons or persons engaging in criminal activity, and not owning or possessing or being in the company of anyone owning or possessing any deadly weapon.

On October 20, 2015, the State filed a petition to revoke; it was amended on December 4, 2015. The State's amended petition alleged Easley had violated the conditions of his suspended sentence by committing the offense of second-degree murder (by shooting the victim), associating with convicted felons, and possessing/consuming alcoholic beverages.

At the revocation hearing, Detective Mark Fallis testified he was employed with the Hot Springs Police Department on October 8, 2015, and assigned to investigate a homicide in which a white male was lying in the street with gunshot wounds. The victim was dead at the scene. He said the police focused on two suspects, Malcom Easley and Terry Walston. Detective Fallis testified he interviewed Easley, who ultimately told him that he and the victim "had words," that the victim struck him, and that he pulled out a gun and shot him. Detective Fallis stated he knew Easley was a convicted felon at the time of the shooting; he did not recall Easley mentioning his alcohol or drug use on the night in question; and although Easley told him that he and Walston were hanging out together on the night in question, Detective Fallis was not sure if Walston was a convicted felon.

At the conclusion of Detective Fallis's testimony, the State moved to verbally amend the revocation petition to add felon in possession of a firearm as an additional violation of law. With no objection, the trial court allowed the amendment, the State rested, and Easley did not present a defense.

The trial court found Easley had violated the conditions of his suspended imposition of sentence by having a firearm in his possession. The trial court then sentenced Easley to the Arkansas Department of Correction for ten years for the underlying offense of hindering apprehension or prosecution.

For his sole point of appeal, Easley contends the sentence he received from the trial court is an illegal sentence. The gist of his argument is included in these two paragraphs:

> In Appellant's case, the statutory maximum for imprisonment for Hindering Apprehension or Prosecution is twenty (20) years imprisonment in the Arkansas Department of Correction. On the finding of guilt for revocation, the trial court had authority only to sentence Appellant to the statutory maximum sentence of twenty (20) years less any term of previous imprisonment imposed for that offense.

> Appellant was originally sentenced by the trial court to ten (10) years in the Arkansas Department of Correction with an additional ten (10) years suspended on September 8, 2014. Pursuant to the Sentencing Order entered on September 18, 2014, he was given credit for 554 days jail time spent awaiting trial. This meant that his maximum penitentiary time was approximately 3,096 days. At the time the revocation petition was filed by the State on October 20, 2015, the amount of prison time to which Appellant could be sentenced by the trial court would have been 2,708 days or approximately 90.3 months. Thus, the sentence of ten (10) years imprisonment imposed by the trial court was an illegal sentence, exceeding the statutory maximum time which could be imposed for a Class B felony.

We find no basis to conclude that the ten-year sentence imposed by the trial court is illegal. When a trial court revokes a sentence of suspension or probation, it may impose any sentence that might have been imposed originally for the offense of which he was found guilty—provided that any sentence of imprisonment, when combined with any previous

imprisonment imposed for the same offense, shall not exceed the applicable statutory sentencing limits. Ark. Code Ann. § 16-93-308(g)(1) (Supp. 2015).

Here, it is undisputed that the underlying Class B felony for which Easley was originally sentenced carries a twenty-year maximum and that the original sentence he received was ten years in the Arkansas Department of Correction, followed by ten years' suspended imposition of sentence. The original sentencing order gave Easley jail-time credit for 554 days, and although no explanation was provided to us, he was clearly out of prison on October 8, 2015, the date he shot the victim. Upon revocation, the trial court sentenced Easley to ten years in the Arkansas Department of Correction, and he was given jail-time credit for 299 days for the time he awaited revocation. This sentence does not exceed the maximum sentence allowed by law; is within the trial court's authority to impose; and therefore is not illegal. *See, e.g.*, *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909.

To the extent Easley is arguing the 554 days of jail time, which was credited against his initial ten-year prison sentence, should have also been applied to the ten-year prison sentence he received upon revocation, the argument does not involve the imposition of an illegal sentence. *Id.* Because the sentence was not entered without authority, his jail-time-credit argument is not one that can be raised for the first time on appeal. *Id.* We therefore affirm.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.