Cite as 2019 Ark. App. 349

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–19–87

| | | |
|---|---|---|
| JACKIE D. HOWARD | APPELANT | **Opinion Delivered:** August 28, 2019 |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-17-229] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## MIKE MURPHY, Judge

In this no-merit appeal, the Miller County Circuit Court revoked Jackie Howard's probation and sentenced him to six years in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), Howard's counsel has filed a motion to be relieved as his attorney, alleging that this appeal is without merit. Counsel has also filed a brief in which he contends that all adverse rulings have been abstracted and discussed. Howard was provided with a copy of his counsel's brief and motion and informed of his right to file pro se points, which he has chosen to do. Because our review of the record reveals an issue on which an appeal may not be wholly frivolous, we order rebriefing in adversary form and deny counsel's motion to withdraw.

Howard pleaded guilty in April 2017 to third-degree domestic battery and was sentenced to a six-year term of probation. For some reason, the sentencing order was not entered until July 7, 2017. The State filed a petition to revoke Howard's probation on June 19, 2017, and on July 25, Howard admitted the violations. He received a sixty-day jail sanction with eleven days of jail time credited to the sanction, and the circuit court reinstated his probation with added costs and fees ordered to be paid.

The State filed another petition to revoke on August 9, 2018, alleging six violations of probation. Following the revocation hearing on October 2, the circuit court revoked Howard's probation specifically for failure to pay, failure to report to probation, failure to maintain an address, and Howard's admission of drug use while on probation. The circuit court sentenced him to six years in the Arkansas Department of Correction.

In compliance with the directive in *Anders* and Rule 4-3(k), counsel claims that he has thoroughly examined the record of this proceeding but found no error that would support an appeal. Counsel's no-merit brief appropriately discusses the sufficiency of the evidence to support Howard's revocation. Counsel fails, however, to adequately address Howard's jail-time credit.

In his no-merit brief, counsel notes, "A final point in appellant's case needs to be addressed regarding the credit he received for time spent incarcerated." At the revocation hearing, after the circuit court had explained its ruling, the following colloquy occurred.

THE COURT: And he's got some time on this case, and that would be since the date of arrest on August 10, of 2018. That's when he was arrested on this revocation.

DEFENSE COUNSEL: What about any prior time, prior to this?

2

| | |
|---|---|
| THE COURT: | Any time he had that he served on this case before that, he gets credit for that, also. Of course. I just know when the revo was served. |

. . . .

| | |
|---|---|
| DEFENSE COUNSEL: | And, Your Honor, what I would argue that, if he got sanctioned, where you're giving him the maximum, if he doesn't get jail credit that would violate, he would essentially do more time than the statute allows. |
| THE COURT: | Do you want me to look back and see when he got his first thing, I'll be happy to look at it. |
| PROSECUTOR: | I'll be happy to calculate that, your Honor, and put it in the judgment and commitment order. |
| THE COURT: | I show a revocation petition was filed on June 19th of 2017, so I'm assuming that was the first one, and they served it on him the same day, so I don't know when he got out. |
| MR. HOWARD: | I got out September the 12th. |
| DEFENSE COUNSEL: | What about when you got arrested originally? Did you ever bond out, or did you stay in jail? |

. . . .

| | |
|---|---|
| MR. HOWARD: | I was up there February, March, April, May . . . |

. . . .

| | |
|---|---|
| THE COURT: | . . . You don't get credit for sanctions, so if you want to give him some, they need to make an argument to give it to him, if that exceeds his time. |
| DEFENSE COUNSEL: | That would be my argument. If he doesn't get jail credit that it would exceed the maximum time by the statute. |
| THE COURT: | You can give him whatever credit you want to. |

The sentencing order reflects a jail-time credit of fifty-three days. In counsel's brief, he explains that "the appellant brought up another period of incarceration for which he apparently did not receive credit, and which is not reflected in the original sentencing order." Counsel explains that Howard was incarcerated from February 20, 2017, when he was arrested for the underlying charge of third-degree domestic battery, until July 7, 2017, when the sentencing order was entered—a period of 155 days. He says, "For whatever reason, the appellant was not given credit for the 155 days he spent in jail leading up to his plea to the domestic battery charge. . . . [T]he appellant is entitled to credit for the incarceration he endured." However, counsel asserts that this point is not a meritorious point for reversing the court's ruling without citation to any authority.

Counsel alleges Howard is entitled to this credit yet filed a no-merit brief. Notably, counsel does not ask us to modify the sentence. Additionally, it is not entirely clear from the record when Howard was released from jail on the underlying charge. Counsel claims Howard was released on July 7, 2017, but the record does not appear to support this assertion especially in light of the fact that the State filed a petition to revoke on June 19, 2017, for violation of the terms and conditions of his probation. The attached report of the violation and recommendation is not legible. Accordingly, we believe that counsel needs to further address whether Howard is entitled to the 155 days' credit he is now claiming.

We will order rebriefing in adversary form when it has been determined that an appeal would not be wholly frivolous. *Runion v. State*, 2012 Ark. App. 30, at 4. When an appeal is submitted to this court under the *Anders* format, and we believe that an issue is not wholly frivolous, we are required to deny the motion of appellant's counsel to withdraw

4

and order rebriefing in adversary form. *Id*. Because Howard's counsel fails to demonstrate that an appeal would be wholly frivolous, we order adversarial rebriefing.

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and HIXSON, JJ., agree.

*Phillip a. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.