Cite as 2019 Ark. App. 604

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-87

| | | |
|---|---|---|
| JACKIE D. HOWARD | APPELANT | **Opinion Delivered:** December 11, 2019 |
| | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-17-229] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | | AFFIRMED AND REMANDED WITH INSTRUCTIONS |

**MIKE MURPHY, Judge**

The Miller County Circuit Court revoked Jackie Howard's probation and sentenced him to six years in the Arkansas Department of Correction. Appellate counsel initially filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k). In *Howard v. State*, 2019 Ark. App. 349 (*Howard I*), this court denied counsel's motion to withdraw and ordered rebriefing because we identified an issue that may not be wholly frivolous on appeal. The case has returned to us as a merit brief, and Howard now argues that he is entitled to an additional one hundred days of jail-time credit against his six-year sentence. We affirm and remand with instructions.

Howard pleaded no contest in April 2017 to third-degree domestic battery and was placed on a three-year term of probation.[1] For some reason, the sentencing order was not entered until July 7, 2017. The State filed a petition to revoke Howard's probation on June 19, 2017, and on July 25, Howard admitted the violations. He received a sixty-day jail sanction with eleven days of jail time credited to the sanction, and the circuit court reinstated his probation with added costs and fees ordered to be paid.

The State filed another petition to revoke on August 9, 2018, alleging six violations of probation. Following the revocation hearing on October 2, the circuit court revoked Howard's probation specifically for failure to pay his court-ordered financial obligations, failure to report to his supervising probation officer, failure to maintain an address, and Howard's admission of drug use while on probation. The circuit court sentenced him to six years in the Arkansas Department of Correction with fifty-three days of jail-time credit. Howard now appeals, arguing that he is entitled to an additional one hundred days of jail-time credit.

At the outset, the State asserts that Howard's argument is not preserved for our review. The State correctly notes that Howard's point on appeal does not involve an illegal sentence, which can be raised for the first time on appeal. Rather, Howard's complaint is that his sentence was imposed in an illegal manner. *See Richie v. State*, 2009 Ark. 602, at 6, 357 S.W.3d 909, 912–13 (holding there is a difference between an illegal sentence and a sentence imposed in an illegal manner; a request for jail-time credit is a request for modification of a sentence that has been imposed in an illegal manner). The State contends

_____

[1]In *Howard I*, we mistakenly stated that Howard was placed on a six-year term of probation.

2

that because Howard's request is for modification of a sentence, his specific claim that he should have been awarded an additional one hundred days of jail-time credit was never articulated to the circuit court and is thus not preserved. We disagree.

Below, Howard argued that if the court did not give him credit for jail time spent, the six-year sentence would exceed the maximum time permitted by the statute. In response, the court stated, "You can give him whatever credit you want." Nothing more occurred on the record, and according to the sentencing order, he received a jail-time credit of fifty-three days, which is the amount of time Howard spent incarcerated for his most recent arrest awaiting revocation—from August 8 to October 2, 2018. If a request for jail-time credit is raised in the circuit court either as part of the original proceedings or in a postjudgment motion, direct-appeal review is permitted. *Weatherford v. State*, 2019 Ark. App. 536, 590 S.W.3d 172. Although Howard did not articulate a specific amount of time, we find his argument preserved because he did motion the court for jail-time credit.

We now turn to the merit of his argument. When a circuit court revokes a sentence of suspension or probation, it may impose any sentence that might have been imposed originally for the offense of which he was found guilty—provided that any sentence of imprisonment, when combined with any previous imprisonment imposed for the same offense, shall not exceed the applicable statutory sentencing limits. Ark. Code Ann. § 16-93-308(g)(1) (Supp. 2017). Further, Arkansas Code Annotated section 5-4-404 (Repl. 2013) requires that a defendant held in custody for conduct that results in a sentence to imprisonment be given credit for the time spent in custody against his sentence.

Here, Howard pleaded guilty to third-degree domestic battery, a Class D felony. Arkansas Code Annotated section 5-4-401(a)(5) (Repl. 2013) provides that for a Class D

felony, the sentence "shall not exceed six (6) years." Upon revocation, Howard was sentenced to six years. He contends that the court failed to award him one hundred days of jail-time credit pending his initial court appearance on the domestic-battery charge from February 2017 through May 2017.

According to the record, the docket sheet establishes that Howard was originally arrested on February 20, 2017. However, the record does not establish when Howard was released. Howard directs us to his statement—which was taken after he left the witness stand—at the sentencing hearing on October 2, 2018, that he was released in May 2017. There, his counsel asked, "What about when you got arrested originally? Did you ever bond out, or did you stay in jail?" He responded, "I was up there February, March, April, May." This statement, however, is not supported by the record, specifically the docket sheets.

We agree with Howard that he is entitled to additional credit; however, Howard has not demonstrated that he is entitled to the one hundred days he seeks. Rather, the record reflects that he is entitled to an additional fifty days' jail-time credit, which is the number of days between the date of his original arrest on February 20, 2017, and the date he signed the terms and conditions of probation on April 11, 2017. Accordingly, we affirm the revocation, but remand with instructions to the circuit court to amend the sentencing order to reflect our holding by giving Howard jail-time credit of fifty days in addition to the fifty-three days he was already credited.

Affirmed; remanded with instructions.

HARRISON and HIXSON, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.