Cite as 2025 Ark. App. 6

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-4

| | | |
|---|---|---|
| IVAN SANTOS | | Opinion Delivered January 15, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-22-534] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARC MCCUNE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Ivan Santos pled guilty to three counts of negligent homicide, four counts of attempted negligent homicide, and driving while intoxicated. After a sentencing hearing, he was sentenced by a jury to a total of one hundred years in the Arkansas Division of Correction. He was fined $1000, and he was ordered to pay $2500 in restitution. Santos appeals the sentencing order.

Santos's counsel has filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), alleging that this appeal is without merit. Counsel also filed an accompanying no-merit brief, and in the brief, counsel explains why there is nothing in the record that would arguably support an appeal. Santos provided no pro se points for reversal, so the State filed no response.

As a general rule, a defendant has no right to appeal from a plea of guilty. Ark. R. App. P.–Crim. 1(a) (2024). A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea, *see Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial court sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63; *King v. State*, 2013 Ark. App. 342. Santos did not enter a conditional plea; therefore, he can appeal only from an error arising from sentencing.

The test for filing a no-merit brief is not whether there is any reversible error; rather, it is whether an appeal would be wholly frivolous. *Kindle v. State*, 2015 Ark. App. 13; *Gaines v. State*, 2014 Ark. App. 651. We have reviewed the entire record and are satisfied that there were no adverse evidentiary rulings made during the sentencing hearing that would support an appeal. Further, the sentence imposed by the court did not exceed the maximum sentence allowed by law; was within the court's authority and discretion to impose; and was therefore not illegal. *See Cox v. State*, 2018 Ark. App. 372; *Easley v. State*, 2017 Ark. App. 317, 524 S.W.3d 412.

Accordingly, from our review of the record and the brief presented to us, we find compliance with Rule 4-3(b) and that there is no merit to an appeal. We therefore grant counsel's motion to withdraw and affirm the convictions.

Affirmed; motion granted.

GLADWIN and WOOD, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.